UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELECIA R. LOWE,

    Plaintiff,

v.                                              Case No. 3:25-cv-812-MMH-LLL

TAX DEFENSE NETWORK, LLC,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On September 23, 2025, the Court ordered Plaintiff, Felecia Lowe, to show cause why this action should not be dismissed for lack of subject matter jurisdiction. See Order to Show Cause (Doc. 21). Plaintiff responded, contending the exercise of diversity jurisdiction would be proper under 28 U.S.C. § 1332. See Plaintiff's Response to Show Cause Order Regarding Subject Matter Jurisdiction (Doc. 33; Response), filed October 17, 2025. Upon review of the Response, the Court concludes that Lowe has failed to properly allege the existence of diversity jurisdiction and will provide Lowe **one final opportunity** to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

As a preliminary matter, the Court notes that in the Response, Lowe's counsel misstates the record in this case, asserting that Lowe "commenced this

action pursuant to 28 U.S.[C.] § 1332[.]" See Response at 1. This is inaccurate. Proceeding pro se, Lowe commenced this action contending that the exercise of subject matter jurisdiction would be proper under 28 U.S.C. § 1331, the Sarbanes-Oxley Act, and the Dodd-Frank Wall Street Reform and Consumer Protection Act. See Complaint for Whistleblower Retaliation, Wrongful Termination, and Violation of Federal Protections (Doc. 1; Complaint), filed July 18, 2025, ¶ 1. In her amended complaint, which she filed pursuant to a Court Order (Doc. 13; Order to Replead), entered August 5, 2025, Lowe (still proceeding pro se) asserted that jurisdiction was proper under both § 1331 and 28 U.S.C. § 1367, which provides for supplemental jurisdiction. See Amended Complaint and Demand for Jury Trial (Doc. 15; Amended Complaint), filed August 29, 2025, ¶¶ 1, 2; see also Order to Replead at 1–4. And in her disclosure statement, which she filed after obtaining counsel, Lowe stated that the Court's jurisdiction was not based on § 1332(a). See Plaintiff's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 25), filed September 30, 2025, at 1. Indeed, it appears that counsel's representation in the Response that Lowe commenced this action pursuant to § 1332 was the first time Lowe purported to rely on diversity jurisdiction. In future filings, Lowe's counsel must remember his duty of candor to the tribunal and his duties under Rule 11, Federal Rules of Civil Procedure (Rule(s)). Future misrepresentations may result in the imposition of sanctions.

As to whether the exercise of diversity jurisdiction would be proper, counsel contends Lowe "has alleged damages [that] exceed the minimum threshold of $75,000[.]" See Response at 1. This assertion by counsel, which is unsupported by any citation to the facts Lowe alleges in her pleading, is insufficient to establish that the amount in controversy exceeds $75,000. Indeed, upon review of the Amended Complaint, the Court is unable to identify any allegations that, individually or together, even suggest that the amount in controversy plausibly exceeds $75,000. See generally Amended Complaint.

Lowe's allegations as to the diversity of citizenship requirement are also deficient. To establish diversity jurisdiction over a natural person, a complaint must include allegations of the person's citizenship, not where she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). Citizenship is based on an individual's domicile, which requires both residence and "an intention to remain there indefinitely … ." See Travaglio, 735 F.3d at 1269 (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002)); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Lowe alleges that she resides in St. Johns County, Florida, see Amended Complaint ¶ 4, but she does not identify her domicile. See generally

id.; Response.[1] In light of the foregoing, the Court will provide Lowe **one final opportunity** to demonstrate that the exercise of subject matter jurisdiction over this action would be proper. Failure to do so will result in the dismissal of this action without further notice.

Accordingly, it is

**ORDERED:**

On or before **November 12, 2025**, Plaintiff, Felecia R. Lowe, shall **SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of October, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[1] By alleging that it has one member, a corporation that is incorporated and maintains its principal place of business in Delaware, Defendant, Tax Defense Network, LLC, has properly disclosed that it is a citizen of Delaware. See Defendant's Amended Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 35), filed October 21, 2025, at 2; see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

lc33

Copies to:
Counsel of Record